```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
HOSSEIN MILANI,                    :
                                   :
                                   :
              Plaintiff,           :   02 Civ. 3346 (MBM)
                                   :
     -against-                     :   OPINION AND ORDER
                                   :
INTERNATIONAL BUSINESS MACHINES    :
CORPORATION,                       :
                                   :
              Defendant.           :
-----------------------------------X
```

APPEARANCES:

ROBERT D. POPPER, ESQ.
Law Offices of Neal Brickman
(Attorney for Plaintiff)
317 Madison Avenue
New York, NY 10017
(212) 986-0840

ZACHARY D. FASMAN, ESQ.
ALLAN S. BLOOM, ESQ.
Paul, Hastings, Janofsky & Walker LLP
(Attorneys for Defendant)
75 East 55th Street
New York, NY 10022
(212) 318-6000

MICHAEL B. MUKASEY, U.S.D.J.

      In this motion, plaintiff and his attorney, having been sanctioned in the amount of $250 each pursuant to Rule 11, Fed. R. Civ. P., for submitting plaintiff's sham affidavit in opposition to defendant's summary judgment motion in an effort to create issues of fact and thereby forestall the granting of that motion, now ask that I reconsider and rescind the award of sanctions. This request is bottomed on their claim that they were not properly on notice that Milani's affidavit provided a basis for sanctions and thus were not given the opportunity to withdraw that offending paper. As set forth below, this motion is as devoid of merit as everything else plaintiff and his lawyer have done heretofore in this case, and is denied.

      Familiarity with prior opinions in this case, including this court's June 17, 2004 Opinion and Order granting summary judgment, reported at 322 F. Supp. 2d 434, its December 30, 2004 Opinion and Order awarding sanctions, 2004 WL 3068451, and the July 1, 2005 order of the Court of Appeals summarily affirming the grant of summary judgment, 2005 WL 1540878, is assumed for current purposes. Only so much of the history of this case as is necessary to this motion is recounted below.

      Defendant's motion for summary judgment dismissing plaintiff's claims of age and national origin discrimination was based substantially on plaintiff's own deposition testimony. In

1

an apparent effort to generate issues of fact where none existed, plaintiff submitted an affidavit that contradicted his prior testimony in many respects. Defendant's reply papers pointed out many such contradictions, and announced an intention to seek sanctions for submission of what defendant characterized as a "sham affidavit." This court's opinion granting summary judgment cited at least eight instances in which Milani's affidavit conflicted either with his own sworn testimony or with other objective evidence of record. See, e.g., 322 F. Supp. 2d at 437 nn.3-4, 439 nn.8 & 10, 440 n.12, 443 n.19, 444 n.20, 446 n.24. The last two sentences in that opinion read as follows:

> Because Milani and his attorneys pursued a case that plainly had no merit and attempted to buttress it with an affidavit from Milani that contradicted most of the record, including Milani's own deposition testimony, sanctions may be appropriate here. Accordingly, Milani should file a response to IBM's motion by July 6, 2004, and IBM may file a reply by July 20, 2004.

Milani, 322 F. Supp. 2d at 459. Thereafter, Milani submitted yet another improper affidavit seeking to justify his and his lawyer's past behavior, and IBM submitted a detailed reply memorandum cataloging many of the falsehoods in Milani's papers.

Federal Rule of Civil Procedure 11(b) provides in pertinent part that when an attorney or a party presents to the court a paper, as therein defined, such presentation constitutes a representation by the party or attorney proffering the paper that it is not being presented for an improper purpose and that

the matters set forth in it "have evidentiary support." Rule 11(c)(1)(A) requires, <u>inter alia</u>, that a motion for sanctions "describe the specific conduct alleged to violate subdivision (b)," and that the opposing party have 21 days in which to withdraw the offending paper. Milani's argument is that IBM failed to specify that it was his sham affidavit that gave rise to the motion for sanctions, and therefore he did not have the requisite 21 days in which to withdraw that paper.

However, as the above history reflects, IBM's reference to Milani's "sham affidavit" and the court's own opinion stating that that affidavit provided the occasion for sanctions -- hence the word "[a]ccordingly" after the description of the affidavit's spuriousness and just before the court's invitation to IBM to seek sanctions -- provided plaintiff with ample notice that his improper affidavit lay at the core of the sanctions motion. Plaintiff had far longer than 21 days in which to withdraw that paper: the opinion granting summary judgment was issued on June 17, 2004, the decision granting sanctions not until December 30, 2004. Instead of withdrawing the affidavit, he compounded the offense by submitting yet another improper affidavit in an attempt to justify the earlier affidavit. In these circumstances, a claim of insufficient notice is yet another example of the disingenuousness and knavery that occasioned the award of sanctions in the first place.

The motion for reconsideration is denied.

SO ORDERED:

Dated: New York, New York
July 18, 2005

Michael B. Mukasey
U.S. District Judge

4